395 So.2d 551 (1981)
THE FLORIDA BAR, Complainant,
v.
Nelda M. ANDERSON, Respondent.
No. 59165.
Supreme Court of Florida.
March 5, 1981.
John A. Weiss, Bar Counsel, Tallahassee, James P. Hollaway, Deputy Staff Counsel, Tallahassee and E.C. Deeno Kitchen, Acting Chairman, Second Judicial Circuit Grievance Committee, Tallahassee, for complainant.
Nelda M. Anderson, in pro. per.
Steve M. Watkins, Tallahassee, for respondent.
PER CURIAM.
In this disciplinary proceeding a report of the referee has been filed to which both The Florida Bar and respondent have filed petitions for review under Florida Bar Integration Rule, article XI, Rule 11.09(3)(a).
The referee found that Anderson has misappropriated trust funds of clients, failed to keep adequate trust account records, and issued checks for which sufficient funds were not available. Respondent stipulated to her guilt for these offenses, but offered various mitigating circumstances to alleviate punishment, including her cooperation with the bar's investigation, her repayment of all client losses, a lack of prior disciplinary problems, and her personal, family and law practice circumstances. Evidence was adduced that she was well-regarded, generally, in her community. The referee reported:
The undersigned recommends that Respondent, Nelda M. Anderson, be found guilty of violation of Rule 11-02(4) of the Integration Rule and should be punished pursuant to Disciplinary Rule 9-102(b)(4) of the Code of Professional Responsibility. Because of the stipulation and plea *552 of guilty entered by Respondent, the referee was unable to hear personally from Respondent. Therefore, it can only be concluded that Respondent knew what she was doing and did for a period of time as alleged in the complaint deliberately and willfully disregard her fiduciary responsibility, and that her acts evince moral turpitude as found in the dissenting opinion of The Florida Bar, Complainant, v. Ernest W. Breed [Fla.], 378 So.2d 783.
There does not appear to be any reasonable explanation for the acts of Respondent except ignorance. This conclusion is arrived at from the fact that she gave The Bar full, honest and complete cooperation and that there was no criminal intent and that she did, through loans and other funds, reimburse all of the funds and no client was ultimately financially deprived. However, I am sure that Mrs. Glover had some anxious moments.
The Supreme Court has, through a long line of cases, held that each case must be decided on its individual facts which, of course, explains the variety of penalties for violation. I suppose that is as it should be. However, the personal use of funds entrusted to a lawyer by his or her clients without the client's permission is, in my opinion, inexcusable and is tantamount to embezzlement, and one guilty of committing such lack of fiduciary responsibility must be punished. The fact that Respondent repaid the funds mitigates the severity of her acts. However, this does not absolve her of the violation. I therefore recommend that Respondent, Nelda M. Anderson, be suspended from the practice of law for a period of two years. I further recommend that in the event Respondent petitions the court for reinstatement following the two-year period, she be required to prove rehabilitation in the following manner:
(a) That she be required to enroll in an accredited law school (she shall be taught the fundamentals of trust fund accounting if such course is available);
(b) That prior to her reinstatement, she be required to take and pass the ethics portion of the Florida bar examination;
(c) That she be examined by the court regarding her knowledge of trust accounting to assure that she fully understands the mechanics as well as the ethics of the use of trust funds;
(d) That she be required to repay the loans obtained by her to rehabilitate her trust account and that none of these loans will be discharged in bankruptcy proceedings, and that all loans be repaid prior to her reinstatement;
(e) That she be placed on probation after the expiration of the two years for a period of time in the discretion of the court so that her records shall be available for inspection at any time by The Florida Bar to assure that she is keeping proper records and correctly administering the funds entrusted to her, if any. I further recommend that Respondent be assessed the costs in this matter in the amount of $816.37.
These recommendations are based upon the cases of The Florida Bar, Complainant, v. Ernest M. Breed, Respondent, 378 So.2d 783, and The Florida Bar, Complainant, v. Pahules, Respondent, 233 So.2d 130 (Fla. 1970).
Despite the bar's request that we disbar Anderson and Anderson's request that we upset the referee's finding of moral turpitude, we find ample record evidence to support the referee's report and we deem his recommendation to be appropriate under all circumstances, with one exception; we reject the referee's first recommendation that Anderson be required to enroll in an accredited law school. The referee's recommended punishment, with the exception noted, is adopted as the judgment of this Court.
It is so ordered.
SUNDBERG, C.J., and ADKINS, ENGLAND, ALDERMAN and McDONALD, JJ., concur.