398 So.2d 802 (1981)
THE FLORIDA BAR, Complainant,
v.
Robert J. PINCKET, Respondent.
No. 58272.
Supreme Court of Florida.
March 26, 1981.
Rehearing Denied June 18, 1981.
Harris K. Solomon, Branch Staff Counsel, and Lance J. Thibideau, Asst. Staff Counsel, Fort Lauderdale, and James P. Hollaway, Deputy Staff Counsel, Tallahassee, for complainant.
Ledford A. Parnell, Jr., Fort Lauderdale, for respondent.
PER CURIAM.
This is a disciplinary proceeding in which The Florida Bar has petitioned this Court for approval of an unconditional guilty plea and the Board of Governors has recommended that the discipline should be the disbarment of respondent, Robert J. Pincket.
The respondent reserved the right in the guilty plea to seek review of the discipline recommended by the Board of Governors. The unconditional guilty plea accepted by the Board of Governors states, in part:
1. The undersigned Respondent has been a member of The Florida Bar since 1971.
2. In late February, 1978, the Respondent was attorney in a real estate transaction for Marian Feingold and her husband, as sellers.
3. Respondent received approximately $37,500.00 in escrow money for the sellers, but was unable to promptly account for and deliver the full amount to the sellers upon demand on Respondent's trust account.

*803 4. Respondent voluntarily paid the sellers $24,000.00 and later voluntarily made restitution in full of the nearly $14,000.00 balance which included interest. The restitution was by a check endorsed by Respondent's wife and drawn on funds of relatives.
5. Although Respondent has made full restitution on this transaction, Respondent was aware that his conduct violated D.R. 9-102 and Integration Rule 11.02(4) of The Florida Bar.
6. Respondent was further aware that other funds for which demand was made on Respondent's trust account were not available and that a continuing violation exists of the aforementioned rules.
7. Therefore, Respondent voluntarily reported the additional violation to the office of the Staff Counsel of The Florida Bar with the intent to try to prevent any further harm to the public, the courts, or to the Bar.
8. Respondent, therefore, acknowledges that approximately $21,000.00, entrusted to Respondent as attorney for the personal representative in Probate Case No. 76-1836 in the Seventeenth Judicial Circuit Court in and for Broward County, Florida, is presently not available to the Court or the beneficiaries of the estate.
9. Because Respondent is desirous of making full restitution and of continuing the practice of law, Respondent considers it in his own best interest to cooperate fully in accepting a prompt and stern discipline from The Florida Bar.
10. Respondent therefore pleads guilty to two violations of D.R. 9-102 and Integration Rule 11.02(4), without admitting any criminal guilt whatsoever.
The plea of guilty to these serious offenses speaks for itself. Respondent has cooperated fully with The Florida Bar by voluntarily advising the Bar of deficiencies in his trust account; stipulating to a temporary suspension effective January 25, 1980; entering an unconditional plea of guilty, thereby waiving both grievance and referee proceedings; and submitting his conduct to The Florida Bar's Board of Governors for appropriate discipline. Further, as reflected by the guilty plea, restitution to one client was made by respondent, although he did not restore the converted trust funds for an estate which were eventually paid by the Clients' Security Fund of The Florida Bar.
Clearly, the respondent violated Disciplinary Rule 9-102 of the Code of Professional Responsibility and Florida Bar Integration Rule, article XI, rule 11.02(4).
The only issue before this Court is whether the discipline recommended by the Board of Governors is too severe under the circumstances of respondent's cooperation. Bar counsel asserts that in considering the appropriate discipline, we should not take into consideration respondent's cooperation and guilty plea, which should be relevant only to a petition for reinstatement. This position is contrary to the philosophy and practice of discretionary penalties in professional disciplinary processes as well as in the criminal process. It is only when a penalty is expressly mandated for particular conduct that a guilty plea, cooperation, or restitution may not be taken into account in determining the appropriate punishment.
We find that under the circumstances of respondent's cooperation, a two-year suspension is the appropriate punishment. The suspension will commence as of the date of the temporary suspension and require proof of rehabilitation with full restitution. This punishment is similar to that imposed recently in The Florida Bar v. Barksdale, 394 So.2d 114 (Fla. 1981).
We again reiterate that the misuse of clients' funds is one of the most serious offenses a lawyer can commit, and we will not be reluctant to disbar an attorney for this type of offense even where there is restitution. The Florida Bar v. Breed, 378 So.2d 783 (Fla. 1979). We emphasize that we are not in any way retreating from our statement in Breed, but we believe that it is appropriate in determining the discipline to be imposed to take into consideration circumstances surrounding the incident, including cooperation and restitution.
*804 It is the judgment of this Court that respondent, Robert J. Pincket, be suspended from the practice of law for a term of two years, which shall commence as of January 25, 1980, and that he may be readmitted only upon proper proof of his rehabilitation and full restitution to the Clients' Security Fund of The Florida Bar of all funds expended because of his actions, plus interest thereon from the date of conversion at the rate of ten percent per annum.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.
ALDERMAN, J., dissents with an opinion.
ALDERMAN, Justice, dissenting.
I agree with The Florida Bar that the appropriate sanction for this serious misconduct is disbarment. Pincket, by his plea of guilty, admits that he converted $37,500 held in trust by him for his clients in a real estate transaction. He also admits that he converted an additional $21,000 entrusted to him as attorney for the personal representative of an estate. He repaid the money owed to his clients in the real estate transaction, but he has never repaid the money taken by him from the estate. Although, in his plea, Pincket says that he is not admitting any criminal guilt, I believe his admitted conduct can be properly characterized as theft.