415 So.2d 1274 (1982)
THE FLORIDA BAR, Complainant,
v.
Howard O. MORRIS, Jr., Respondent.
No. 60405.
Supreme Court of Florida.
June 17, 1982.
John F. Harkness, Jr., Executive Director and Stanley A. Spring, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel, Orlando, for complainant.
Richard E. Gentry, St. Augustine, for respondent.
PER CURIAM.
This disciplinary proceeding by The Florida Bar against Howard O. Morris, Jr., member of The Florida Bar, is before us on petition for review of the report of the referee. The referee's report and record have been filed with this Court pursuant to Florida Bar Integration Rule, article XI, Rule 11.06(9)(b). We have jurisdiction. Art. V, § 15, Fla. Const.
The referee's findings of fact are as follows:
As to Count I
1. Respondent freely admitted that he had received trust funds to be applied in liquidation of an account owed by a client, a Mrs. Theresa LaPorte; that prior to the time he devoted those funds to the proper account he had gotten out of trust, viz: had spent the moneys and his trust bank account contained an insufficient balance. (T10)
2. Respondent tempers the admission made in Paragraph 1 above by suggesting that the manner in which he kept records *1275 relating to his trust account allowed him no opportunity to know the true status of the account.
As to Count II
1. Respondent freely admitted that, without proper authorization, he utilized for his own purposes moneys entrusted to him by clients, his parents, Mr. and Mrs. Howard O. Morris, Sr.; and that those funds still had not been repaid. (T11)
2. He also admitted that those trust funds were devoted to the personal uses of the Respondent with the full knowledge of the Respondent that he was invading trust funds. (T11-12)
As to Count III
1. Respondent freely admitted the allegations of Count III to the effect that Respondent did not maintain proper trust accounting records, and he did not furnish minimally required quarterly reconciliations. (T8, 10)
The referee recommended that respondent be found guilty of each count of the complaint. He then recommended that respondent be suspended for a period of six months and thereafter until he shall prove his rehabilitation.
In The Florida Bar v. Breed, 378 So.2d 783 (Fla. 1979), we gave notice to the legal profession that we would not be reluctant to disbar an attorney for an offense involving misuse of clients' funds even though no client is injured.
Our holding in Breed was somewhat tempered by our more recent holding in The Florida Bar v. Pincket, 398 So.2d 802 (Fla. 1981). In Pincket we found it appropriate to consider circumstances surrounding the offense in determining the discipline to be imposed. The circumstance of Pincket's cooperation in the proceedings convinced us that a two-year suspension was an appropriate punishment. Pincket's wrongdoings were similar to respondent's in the instant case. Pincket converted nearly $60,000 of his clients' money to his own use. Like Pincket, respondent admitted that he improperly utilized, for his own purposes, money entrusted to him by clients. Additionally, he voluntarily turned over his books and records to The Florida Bar. Further, restitution to one client was made by respondent, although he did not make restitution to the other client in this matter, his father. (It should be noted that respondent's father appears to be willing to forgive the indebtedness.)
Finally, the respondent has voluntarily withdrawn from the practice of law.
We find that the discipline recommended by the referee is too lenient in light of the nature of the respondent's admitted wrongdoing. We feel, however, that under the circumstances, disbarment is too severe a penalty. The appropriate penalty in this case is a two-year suspension.
It is the order of this Court that respondent, Howard O. Morris, Jr., be suspended from the practice of law for a period of two years which shall commence as of the day of this order, and that he may be readmitted only upon proper proof of his rehabilitation. It is further ordered that all costs of these proceedings be charged to the respondent in the amount of $514.04, plus any additional costs incurred as a result of these proceedings.
ADKINS, Acting Chief Justice, and BOYD, OVERTON and McDONALD, JJ., concur.
ALDERMAN, J., dissents with an opinion.
ALDERMAN, Justice, dissenting.
I would accept the recommendation of The Florida Bar. In my opinion, disbarment is the only appropriate discipline in this type case. A lawyer who steals from his trust account is worse than a common thief, and there is no place for such person in The Florida Bar.