PER CURIAM.
This disciplinary proceeding was instituted by The Florida Bar against two attorneys who were practicing law together. The Bar filed separate complaints and the referee held a hearing, following which he issued two separate reports finding misconduct. The reports of the referee have been filed with the Court for the entry of an appropriate judgment, and The Florida Bar has petitioned for review of the referee’s recommended discipline. We have jurisdiction. Art. V, § 15, Fla. Const.
Based on the Bar’s complaint, the referee found respondent Irving M. Felder guilty of three counts of misconduct. The referee found that as executor of an estate, respondent transferred from the estate to himself and his wife certain shares of stock without the permission of or notice to the court or the beneficiaries. The shares of stock, plus earned dividends, were later restored to the estate, and the records and accounts were falsified in an attempt to cover up the transfers. The referee found that the conduct shown violated the Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4), 1-102(A)(5), 1-102(A)(6), 9-102(A), and 9-102(B) and Florida Bar Integration Rule, article XI, Rules 11.02(3)(a) and 11.02(4).
The referee- also found that by allowing the estate to remain unsettled from the time of his original appointment in 1969 until the time the proceeding was finally closed in 1981, respondent Felder had neglected a legal matter entrusted to him in violation of Disciplinary Rule 6-101(A)(3).
The referee also found that respondent commingled personal funds and funds of his law firm with funds held in trust for clients. The evidence showed that among several ledgers, or sub-accounts, of respondent’s trust account were one containing personal funds and one containing funds derived from income tax and social security money withheld from the salaries of firm employees. The referee found evidence of extremely poor record keeping, and found that there were overdrafts in various sub-accounts of the trust account. The referee concluded from the fact of these overdrafts that funds held in trust for various clients were drawn upon to honor checks chargeable to other sub-accounts and that therefore clients’ funds had in fact been diverted to unauthorized uses. The referee concluded that respondent Felder had violated Disciplinary Rule 9-102(A), and article XI, Rule 11.02(4) of the Integration Rule.
Based on the Bar’s complaint against respondent Jed Berman, the referee found two counts of misconduct. The referee found that respondent, as attorney for the executor in the same probate proceeding mentioned above, had transferred from the *530 estate to himself and his wife certain shares of stock without permission of or notice to the court or beneficiaries. These shares, along with the earned dividends, were later transferred back to the estate. The referee found that respondent Berman, along with respondent Felder, participated in a scheme to cover up this impropriety after they transferred the stock back to the estate. The referee concluded that respondent Ber-man violated Disciplinary Rules 1— 102(A)(4), 1-102(A)(5), 1-102(A)(6), 9-102(A), and 9-102(B) and Florida Bar Integration Rule, article XI, Rules 11.02(3)(a) and 11.02(4).
The second count of misconduct the referee found against respondent Berman was based on the same trust account improprieties mentioned above in connection with respondent Felder. The referee concluded that respondent violated Disciplinary Rule 9-102(A) and Integration Rule, article XI, Rule 11.02(4).
Although in the proceeding before the referee the respondents denied some of the Bar’s allegations and presented exculpatory testimony, they have not petitioned for review of the referee’s findings of fact. We therefore approve the conclusions of the referee. The Florida Bar has petitioned for review of the referee’s recommended discipline.
With regard to respondent Felder, the referee recommended a public reprimand, suspension from the practice of law for nine months, assessment of the referee’s costs, and assessment of two-thirds of the Bar’s costs in the joint proceeding. With regard to respondent Berman, the referee recommended a public reprimand, suspension from the practice of law for three months, assessment of the referee’s costs, and assessment of one-third of the Bar’s costs in the joint proceeding. The referee pointed out in justification of the disparate recommendations that this case was respondent Berman’s first experience as counsel to the executor of an estate, and that respondent Felder was the senior partner in the firm. In its petitions for review of the recommendations, The Florida Bar argues that the recommended discipline is too lenient. The Bar argues that respondent Felder should be disbarred and that respondent Berman should be suspended from the practice of law for two years.
We do not believe this is an appropriate case for disbarment. “Disbarment is an extreme penalty and should only be imposed in those rare cases where rehabilitation is highly improbable.” The Florida Bar v. Davis, 361 So.2d 159, 162 (Fla.1978). “[I]t is appropriate in determining the discipline to be imposed to take into consideration circumstances surrounding the incident, including cooperation and restitution.” The Florida Bar v. Pincket, 398 So.2d 802, 803 (Fla.1981). There is no showing that the rehabilitation of respondent Felder is highly improbable. He has been a member of the Bar since 1950 and this is the first time he has been involved in disciplinary proceedings.
The respondents returned the shares of stock to the estate before any of the beneficiaries knew they had been transferred and before any complaints were made to The Florida Bar. Thus the respondents reversed their course of action and did not persist in their attempt to take an unauthorized benefit from the estate. Similarly, there was no evidence that any clients were actually hurt by the respondents’ trust account overdrafts; enough money was always restored in time to meet any obligations. Both respondents cooperated with the Bar in that they admitted to most of the allegations in the Bar’s complaints and made their records available for inspection.
On the other hand, we agree with the Bar that the referee’s recommendations for discipline are too lenient. The question of the proper punishment for professional misconduct is never a precise matter in cases such as these, but it is the responsibility of this Court to make an appropriate judgment. It is therefore adjudged that respondent Irving M. Felder shall be suspended from the practice of law for a period of two years, is assessed The Florida Bar’s costs of $1,615.84 and the referee’s costs of $300.00, and is hereby reprimanded *531 for his professional misconduct. Respondent Jed Berman shall be suspended from the practice of law for a period of one year, is assessed The Florida Bar’s costs of $807.92 and the referee’s costs of $300.00, and is hereby reprimanded for his professional misconduct. These suspensions shall become effective January 17, 1983, thereby giving respondents time to close out their practice and take the necessary steps to protect their clients, and it is ordered that respondents shall not accept any new business.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and EHRLICH, JJ., concur.