PER CURIAM.
This disciplinary proceeding by The Florida Bar against E. Paul Dietrich, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
The Complaint consists of five counts, each of which involve different factual situations and to each of which the Respondent admitted the factual allegations. The Referee finds from the evidence and the record that prior to the conduct alleged in the Complaint, Respondent practiced law in St. Petersburg. He was active in Bar activities and served for several years as a member of the local Grievance Committee. He was respected by his peers and his honesty and integrity were unquestioned. He had no disciplinary record prior to the conduct alleged in the Complaint, although he had practiced law since 1969.
Shortly prior to the conduct alleged in the Complaint, respondent had serious marital problems which ultimately resulted in a divorce. At or about the same time, he became addicted to alcohol and consumed so much that he became incompetent to engage in the practice of law and incapable of rationally evaluating his own conduct. As a result thereof, he neglected his law practice, with the resulting diminishing of his income, which exacerbated both his marital and drinking problems.
The matter came to a head when Respondent found himself without any law practice, practically destitute, with no way in which to make restitution for his defalcations. Respondent thereupon joined Alcoholics Anonymous, regularly attending meetings (which he still regularly attends) and altogether ceased the drinking of alcoholic beverages. His marital problems were resolved by dissolution thereof.
Referee further finds that the Respondent cooperated fully with the Florida Bar in its investigation of his defalcations and with the Probate Division of the Circuit Court and the Law Enforcement Authorities in regard to said defalcations. Respondent was charged with various felonies as a result of his conduct, he pled guilty thereto, made a full disclosure, as a result of which he was *1378 found guilty and placed on probation and is still on probation.
Respondent has remarried and is living with his wife. He has secured employment outside of the field of law. He bears no ill-will to the Organized Bar, the Court, or Law Enforcement Officials and is genuinely remorseful.
All of his defalcations have been reimbursed, either by himself or by his sureties and he has made arrangements with said sureties to reimburse them.
The referee recommends that respondent be found guilty of misconduct justifying disciplinary measures and recommends that respondent be suspended from The Florida Bar for a period of two years, to commence on the date of his report and further, until he successfully concludes his probation in the criminal matters and further, until he demonstrates his rehabilitation.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, E. Paul Dietrich, is hereby suspended from The Florida Bar for a period of two years effective, nunc pro tunc, November 28, 1984, until he successfully concludes his probation in the criminal matters and until he demonstrates his rehabilitation.
Judgment for costs in the amount of $3,984.34 is hereby entered against respondent, for which let execution issue.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.