484 So.2d 1230 (1986)
THE FLORIDA BAR, Complainant,
v.
George W. KENT Jr., Respondent.
No. 66598.
Supreme Court of Florida.
March 6, 1986.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and James N. Watson, Jr., Bar Counsel, Tallahassee, for complainant.
George W. Kent, in pro. per.
PER CURIAM.
In this disciplinary proceeding a report of the referee has been filed to which The Florida Bar seeks review pursuant to Florida Bar Integration Rule, article XI, Rule 11.09.
The referee found that the respondent Kent, while representing the seller of property *1231 in Clay County in July 1982, received a check for $57,264 representing the balance due on closing of the sale. Instead of using a portion of these funds to satisfy an outstanding mortgage, respondent placed these funds in his trust account and made monthly payments on the obligation until the funds were exhausted and the mortgage became in default in November 1983. Because this default brought these matters to light, the attorney for the buyers demanded that respondent satisfy the mortgage. The Florida Bar began an investigation, and in April 1984, respondent satisfied the outstanding mortgage in the amount of $33,198.02, using borrowed funds. The referee determined that the trust funds originally given to respondent were used for respondent's personal and business purposes, and were completely exhausted by November 1983. The referee further found that respondent failed to maintain his trust account as required by the Integration Rule.
The respondent pled guilty to the violations charged in the Bar's complaint: D.R. 1-102(A)(1, 4, 6); D.R. 6-101(A)(3); D.R. 7-101(A)(1, 2, 3); D.R. 9-102(A), (B)(3).
The proceeding before the referee essentially centered upon the appropriate punishment. The referee found that the respondent had made full restitution, cooperated with the Bar throughout the proceedings, had virtually withdrawn from the active practice of law, and was reasonably well thought of in his community, having served on the city council and as mayor. The referee also considered separate charges against the respondent involving "comingling" of other trust funds as bearing on the issue of the appropriate punishment, pursuant to our holding in The Florida Bar v. Stillman, 401 So.2d 1306 (Fla. 1981). The referee concluded that the conduct involved here was not brought about by a single period of extreme pressure, but was a continuous practice lasting from July 1982 until the Bar investigation and disciplinary proceedings were instituted in April 1984. The referee was of the opinion that the respondent's conduct warranted disbarment; however, he felt constrained by several decisions of this Court, including The Florida Bar v. Anderson, 395 So.2d 551 (Fla. 1981). Therefore, the referee recommended that the respondent be suspended from the practice of law for three years. As conditions of reinstatement, the referee recommended that: (1) Respondent be required to pass the professional ethics portion of The Florida Bar examination, (2) respondent demonstrate his understanding of and compliance with office and trust accounting procedures for members of The Florida Bar, and (3) respondent be placed on probation for an additional three years during which he submits such reports to The Florida Bar as may be reasonably required and that his office books and records be periodically audited by The Florida Bar. The referee further ordered respondent to pay the cost of these proceedings.
Despite the Bar's request that we disbar respondent, we find ample record evidence to support the referee's findings. Therefore, the referee's recommended punishment is adopted as the judgment of this Court, effective thirty days from this date.
Judgment for costs in the amount of $1,069.68 is entered against respondent, for which sum let execution issue.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD and BARKETT, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion.
SHAW, J., dissents.
EHRLICH, Justice, concurring in part and dissenting in part.
I concur with the Court's finding of guilt but I dissent as to the appropriateness of the discipline imposed.
Mr. Kent misappropriated funds that belonged to a client. What he did meets the statutory definition of theft.[1] The referee *1232 was obviously of the opinion that disbarment is the proper discipline in cases where a lawyer steals or misappropriates money entrusted to him, but felt bound by precedent from this Court to recommend suspension. In Breed[2] the attorney misused client's funds. This Court issued a stern warning "... to the legal profession of this state that henceforth we will not be reluctant to disbar an attorney for this type of offense even though no client is injured." Id. at 785.
Six years later and after Anderson,[3]Pinkett,[4]Morris,[5]Whitlock,[6] and others, we have failed to carry out our threat of disbarment for the offense of stealing. What sorely troubles me is that we are continuing to build up precedent that hamstrings conscientious referees who feel the need to effectuate the Court's threat in Breed, but nonetheless feel that stare decisis dictates otherwise.
A judgment of disbarment terminates the lawyer's status as a member of the bar. This is the proper discipline for stealing. It is high time that we impose that discipline and discard and abandon our image of being a toothless tiger. The Bar thinks that is the appropriate discipline, the public is entitled to that protection and this Court should do no less.
NOTES
[1] Section 812.014(1)(a)(b), Florida Statutes (1983).

(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
[2] The Florida Bar v. Breed, 378 So.2d 783 (Fla. 1979).
[3] The Florida Bar v. Anderson, 395 So.2d 551 (Fla. 1981).
[4] The Florida Bar v. Pinkett, 398 So.2d 802 (Fla. 1981).
[5] The Florida Bar v. Morris, 415 So.2d 1274 (Fla. 1982).
[6] The Florida Bar v. Whitlock, 426 So.2d 955 (Fla. 1982).