PER CURIAM.
This matter is before the Court on respondent’s Petition for Leave to Resign Without Leave to Apply for Readmission pursuant to article XI, Rule 11.08(2) of the Integration Rule of The Florida Bar.
The petition states as follows:
1. There is now pending a petition for temporary suspension against the [respondent] based on allegations that there have been two occurrences since the rein *750 statement of [respondent] to the practice of law in which trust account checks were presented for payment when the funds were insufficient in the account.
2. [Respondent] was suspended from the practice of law for two years because of trust account violations in 1980. See The Florida Bar v. Anderson, 395 So.2d 551 (Fla.1981).
3. No client is owed any funds by [respondent],
4. During [respondent’s] practice of law she has represented many indigent and needy persons without fanfare of public “pro-bono” designation.
5. [Respondent] has terminated her law practice, has no client funds, has closed her law office, and does not intend to engage in the practice of law.
6. The [respondent] has read The Florida Bar Integration Rule dealing with resignation requirements and submits this resignation of her own free will and not under any threats and duress.
7. [Respondent] submits this resignation with the absolute understanding that if accepted by the Supreme Court her resignation from The Florida Bar is permanent in nature and that no attempt to petition for reinstatement will be entertained at a future date.
8. The granting of this Petition for Leave to Resign is in the best interest of the public, The Florida Bar, and the [respondent] and will not deceive the public.
The Florida Bar having now filed its response supporting the Petition for Leave to Resign, and the Court having reviewed the same and determined that the requirements of Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign Without Leave to Apply for Readmission is hereby approved effective immediately.
It is so ordered.
McDONALD, C.J„ and ADKINS, BOYD, OVERTON and BARKETT, JJ., concur.