503 So.2d 1230 (1986)
THE FLORIDA BAR, Complainant,
v.
Merrill TUNSIL, Respondent.
No. 66743.
Supreme Court of Florida.
October 16, 1986.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and Susan V. Bloemendaal, Bar Counsel, Tallahassee, for complainant.
James T. Golden, Sanford, for respondent.
BARKETT, Justice.
This disciplinary proceeding is before us upon complaint of The Florida Bar and the referee's report. The Florida Bar has filed a petition for review, contesting the referee's recommended discipline as too lenient. We have jurisdiction. Art. V, § 15, Fla. Const.
The factual stipulation between the parties reflects that the respondent appropriated for his own personal use approximately $10,500 which he had been holding in trust for a guardianship. Respondent admitted the misappropriation when the minor for whose benefit the funds were being held attained majority and the guardian sought to disburse the funds. On a second charge, the parties stipulated that a check issued to a subpoenaed witness was dishonored for insufficient funds.
The referee recommended that Tunsil be found guilty of violating article XI of the Integration Rule, specifically sections 11.02(4) (misappropriation of trust funds) and 11.02(4)(c) (failing to comply with trust accounting procedures), and Disciplinary Rules 9-102(B)(3) (failure to maintain complete records of client's property) and 9-102(B)(4) (failure to promptly deliver to client property he is entitled to receive). The referee then recommended that respondent pay costs and be suspended from the practice of law for three months with automatic reinstatement followed by two years probation. The Bar suggests that the recommended penalty is not appropriate in light of the nature of the offense committed. We are compelled to agree with the Bar.
We are not unmindful that respondent has repaid the misappropriated funds and made good on the "bounced" check. Nor do we ignore the respondent's cooperation with the Bar, his remorse, and the effect of his alcoholism. While we agree with the referee that these circumstances *1231 constitute mitigating factors, we must determine to what extent we can permit mitigation to offset the sanctions to be imposed for respondent's misconduct. The theft of a clients' funds is one of the most serious offenses a lawyer can commit. Such misconduct, absent sufficient mitigating factors, compels the extreme sanction of disbarment for several reasons.
It is only because of a lawyer's license to practice law that it is so easy for a lawyer to misappropriate a client's money. In his fiduciary capacity, the lawyer may deal with his clients' funds in his own name. The legal profession encourages the public to place this trust in lawyers with express and inferred promises of protection from The Florida Bar, and, more importantly, from this Court. In The Florida Bar v. Breed, 378 So.2d 783, 784 (Fla. 1979), we quoted approvingly from the referee's report which noted that "[t]he wilful misappropriation of client funds should be the Bar's equivalent of a capital offense. There should be no excuses." In Breed, we considered the mitigating factors presented and suspended Breed for only two years, requiring proof of rehabilitation. We emphatically warned, however, that the offense of misappropriation was of such magnitude that punishment had to be severe:
We give notice, however, to the legal profession of this state that henceforth we will not be reluctant to disbar an attorney for this type of offense even though no client is injured.
378 So.2d at 785. In the hierarchy of offenses for which lawyers may be disciplined, stealing from a client must be among those at the very top of the list.
We recognize, however, the appropriateness of considering the circumstances surrounding the incident, including cooperation and restitution.[*]See The Florida Bar v. Pincket, 398 So.2d 802, 803 (Fla. 1981). Therefore, we concur with both the referee and the Bar that disbarment is not appropriate in this particular case. We cannot, however, agree with the referee's recommendation of a mere three-month suspension with automatic reinstatement. The mitigating factors simply can neither erase the grievous nature of respondent's misconduct in stealing clients' funds, nor diminish it to the extent of warranting the same punishment which has been meted out for much less serious offenses. For example, in The Florida Bar v. Piggee, 490 So.2d 1260 (Fla. 1986), a lawyer was suspended for sixty days for the possession of small quantities of cocaine and marijuana. Although we do not condone such conduct, we perceive a significant distinction between misconduct which does not injure clients or abuse the fiduciary relationship and conduct which does and, thus, goes to the very heart of the confidence which must be maintained in the legal profession. If we agreed with the referee's recommended suspension time, respondent would be suspended for only thirty days longer than Piggee. Despite the presence of mitigating circumstances in this case, we simply cannot agree to such a lenient discipline. We note that in other misappropriation cases involving mitigating factors, we have not been so understanding. See The Florida Bar v. Roth, 471 So.2d 29 (Fla. 1985) (lawyer who misappropriated funds suspended for three years); The Florida Bar v. Morris, 415 So.2d 1274 (Fla. 1982) (lawyer who used trust funds for personal purposes suspended for two years); The Florida Bar v. Anderson, 395 So.2d 551 (Fla. 1981) (lawyer who misappropriated trust funds, failed to keep adequate trust account records and issued worthless checks suspended for two years).
Although the mitigating circumstances in this case make disbarment inappropriate, we find that the Bar's recommendation of a one-year suspension is warranted in light of the seriousness of Tunsil's misconduct in misappropriating funds, *1232 his failure to comply with trust accounting procedures, and his prior disciplinary history (a private reprimand for neglecting a legal matter entrusted to him).
Accordingly, we reject the referee's recommendation that Tunsil be suspended for only three months and order him suspended for one year requiring proof of rehabilitation for reinstatement, including passage of the professional ethics portion of The Florida Bar Examination. The suspension shall be followed by a period of probation for two years with the following conditions:
1. Respondent shall immediately submit to evaluation for alcohol abuse and to treatment therefor if indicated by the evaluation. Both the evaluation and treatment programs shall be approved by The Florida Bar.
2. Respondent's office and trust accounts shall be supervised and periodically audited during the probationary period by The Florida Bar.
3. Respondent shall demonstrate his understanding of and compliance with office and trust accounting procedures for members of The Florida Bar prior to the termination of probation.
Tunsil's suspension will be effective thirty days from the filing of this opinion. Tunsil may accept no new business from the date of this opinion. Judgment for costs in the amount of $1,169.70 is hereby entered against Tunsil, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
BOYD, Justice, concurring in part and dissenting in part.
I concur in the Court's approval of the referee's findings of professional misconduct. I would impose the disciplinary measures recommended by the referee: three months suspension, two years probation, and payment of costs.
NOTES
[*] We note, however, that restitution in this case was made in accordance with a plea agreement in respondent's criminal case. We also note that the guilty plea to grant theft tendered by respondent resulted in a "withheld" adjudication. Had adjudication not been withheld and respondent been convicted of grand theft, he would have been automatically suspended for three years pursuant to Integration Rule 11.07.