PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and the uncontested report of the referee. The referee recommends that respondent Pincket be disbarred from the practice of law in Florida. We have jurisdiction, article V, section 15, Florida Constitution, and approve the report of the referee and adopt his recommendations of guilt and discipline.
Pursuant to a plea of guilty to one count of a multi-count indictment, Pincket was adjudicated guilty of a felony and was sentenced to thirty months in the Federal Correctional Institution in Tallahassee, Florida. The Bar’s complaint is based on this conviction. Copies of the complaint and request for admissions were mailed to Pincket at his record Bar address and to the Federal Correctional Institution in Tallahassee. Pincket did not answer or object to the request for admissions. The Bar filed a motion for judgment on the pleadings which the referee granted. In his report the referee found that Pincket was suspended from the practice of law for two years, commencing on January 25, 1980, The Florida Bar v. Pincket, 398 So.2d 802 (Fla.1981).* This suspension was for violating Disciplinary Rule 9-102 (preserving the identity of funds and property of a client) and Integration Rule 11.02(4) (breach of discipline with respect to trust funds and fees). After his suspension from the practice of law, Pincket became president and chief operating officer of a commercial collection agency. Rather than turning the monies he collected over to his clients, he appropriated the monies to his own use. This resulted in an eleven-count indictment being filed against him. On August 16, 1985, after pleading guilty to Count One of the indictment, he was adjudicated guilty of a felony. Count One of the indictment charged Pincket with unlawfully, willfully and knowingly devising a scheme to defraud and obtain money and property by means of false and fraudulent pretenses, representations and promises, to wit, placing an envelope in the United States mail to be delivered by the United States Postal Service, in violation of Title 18, U.S.C. sections 1341 and 1342.
The referee recommends that Pincket be found guilty of violating Disciplinary Rules 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation) and 1-102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law) of the Code of Professional Responsibility and article XI, Rule 11.02(3) (the commission by a lawyer of any act contrary to honesty, justice or good morals, whether the act is committed in the course of his relations as an attorney or otherwise) of the Integration Rule of The Florida Bar. The referee also recommends that Pincket be disbarred.
We approve the report of the referee, including the granting of the motion for judgment on the pleadings, and adopt his recommendations. Accordingly, Robert J. Pincket is hereby disbarred from the practice of law in the State of Florida effective immediately. Judgment for costs in the amount of $221.60 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and ADKINS, EHRLICH, SHAW and BARKETT, JJ., concur.

 Pincket has not sought reinstatement, pursuant to article XI, Rule 11.11 of the Integration Rule of The Florida Bar.