505 So.2d 525 (1987)
Matthew WOHL, Ruth Wohl, and Carolyn Gold, As Personal Representatives of the Last Will and Testament of Harry Wohl, Deceased. Appellants,
v.
Kathryn LEWY and Bert Wohl, Appellees.
No. 86-1640.
District Court of Appeal of Florida, Third District.
March 31, 1987.
Rehearing Denied May 7, 1987.
Horton, Perse & Ginsberg and Mallory H. Horton, Broad and Cassel, Miami, for appellants.
Whitman, Wolfe, Gross & Schaffel, P.A., and Irving J. Whitman, Miami, for appellees.
Before NESBITT, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
This is an appeal by the personal representatives of the estate of Harry Wohl from an order of the probate division of the circuit court upholding the objections of certain beneficiaries to the accounting of the Wohl estate. We agree with the personal representatives that the trial court erred in sustaining the beneficiaries' objections and, for the reasons which follow, reverse.
The personal representatives engaged the services of the decedent's longtime accountant to prepare the necessary federal tax returns for the estate. The accountant advised the personal representatives to take a marital deduction which was ultimately disallowed by the Internal Revenue Service. After initial skirmishes in the tax court, the IRS and the personal representatives compromised and settled the IRS claim. The beneficiaries argued in the trial court that the personal representatives should be surcharged to the extent that the decision to take the marital deduction resulted in additional attorney's fees, taxes, and penalties. In its written order sustaining the objections, the trial court stated,
[T]he court feels that the Personal Representatives were responsible for retaining or hiring the accountant and they allowed the accountant to file those papers. *526 The Personal Representatives have the obligation and duty to determine for themselves whether or not the figure [sic] submitted on the Estate 706 are correct and if the accountant wished to take a deduction which was not allowed and which resulted in penalties and interest, then the Court finds that the Personal Representatives are responsible for paying those interests and penalties, because the Personal Representatives retained the accountant who decided to take the deductions... .
The personal representatives argue, and we agree, that, in essence, the trial court made the personal representatives insurers of the assets of the estate. A personal representative is not an insurer of an estate's assets. In re Estate of Rosenthal, 189 So.2d 507, 508 (Fla. 3d DCA 1966). A personal representative is held to the same standard of care as a trustee, that is, he must act as a prudent trustee would act in dealing with the property of another. §§ 733.602, 737.302, Fla. Stat. (1985). Section 733.612(21), Florida Statutes (1985), provides that a personal representative, acting reasonably, may employ an accountant to advise him and may act upon that advice without independent investigation. This is exactly what the personal representatives did. We see no indication that the personal representatives did not act reasonably and prudently in employing and taking the advice of the accountant. See Armstrong's, Inc. v. Iowa Dept. of Revenue, 320 N.W.2d 623 (Iowa 1982) (taxpayer's reliance on CPA to file return constituted reasonable cause for taxpayer's failure to file timely return).
The filing of complex tax returns, estate or otherwise, almost always requires the services of a professional. The accountant's erroneous judgment call to take the marital deduction may or may not have been malpractice insofar as the accountant is concerned. That professional decision, however, cannot operate to create a surcharge against the personal representatives.
The judgment of the circuit court is reversed, and this cause is remanded for further consistent proceedings.
Reversed and remanded.