526 So.2d 60 (1988)
THE FLORIDA BAR, Complainant/Cross-Respondent,
v.
Peter T. ROMAN, Respondent/Cross-Petitioner.
No. 69358.
Supreme Court of Florida.
June 2, 1988.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Stephen Rushing, Branch Staff Counsel and Bonnie L. Mahon, Bar Counsel, Tampa, for complainant/cross-respondent.
Joseph G. Donahey, Jr. and Sondra Goldenfarb of Tanney, Forde, Donahey, Eno & Tanney, P.A., Clearwater, for respondent/cross-petitioner.
PER CURIAM.
This disciplinary proceeding is before us on a complaint of the Florida Bar and the report of the referee. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar filed a complaint alleging:
1. Respondent is, at all times hereinafter mentioned, was [sic] a member of the Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. On 10 January, 1978, Edna Mae Banner died intestate and without heirs.
3. On 28 November, 1979, the respondent became the successor personal representative of the Banner estate.
4. On 10 January, 1980, the respondent filed a Petition for Determination of Beneficiaries with the probate court listing Frank C. McColm as a nephew and the sole surviving heir of Ms. Banner.
5. At the time of the filing of the petition, the respondent knew that Mr. McColm was not an heir to the Banner estate.
6. That to portray Mr. McColm as a bona fide heir, the respondent forged, *61 caused to be forged, or assisted in the forging of Mr. McColm's signature on an affidavit portraying Mr. McColm as a nephew of Ms. Banner.
7. The respondent thereafter filed the forged and false affidavit along with other supporting documents with the probate court with the intent of deceiving the court.
8. The court was in fact deceived by the respondent's assertions and declared Mr. McColm as the sole surviving beneficiary of the Banner estate.
9. The respondent thereupon took possession of assets of the Banner estate in Mr. McColm's name and converted them to his own use.
10. On 20 March, 1986, respondent waived the probable cause hearing before Grievance Committee 06A.
11. By reason of the foregoing, the respondent has violated the Florida Bar Code of Professional Responsibility, Disciplinary Rule 1-102(A)(4) (engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1-102(A)(5) (engage in conduct prejudicial to the administration of justice); DR 1-102(A)(6) (engage in conduct that adversely reflects on his fitness to practice law); DR 7-102(A)(4) (knowingly use perjured testimony or false evidence); DR 7-102(A)(5) (knowingly make a false statement of law or fact); and DR 7-102(A)(6) (participate in creation of evidence when he knows the evidence is false).
The referee made the following findings and recommendations:
II. Findings of Fact as to Each Item of Misconduct of Which the Respondent is Charged: After considering all the pleadings and evidence before me, I find the following:
The respondent admitted each and every allegation of the Bar's complaint with the exception of paragraph 9, which the respondent denied in his answer and affirmative responses to The Florida Bar's complaint. At the final hearing on June 17, 1987, the respondent admitted the allegations of paragraph 9 of the Bar's complaint with the explanation that although he took possession of the assets of the Banner estate, said assets were split equally between himself and a third party.
III. Recommendation as to Whether or Not the Respondent Should be Found Guilty: I recommend that the respondent be found guilty of the following violations of the Code of Professional Responsibility:
DR 1-102(A)(4) (engage in conduct involving dishonesty, fraud, deceit or misrepresentation);
DR 1-102(A)(5) (engage in conduct which is prejudicial to the administration of justice);
DR 1-102(A)(6) (engage in conduct that adversely reflects on his fitness to practice law);
DR 7-102(A)(4) (knowingly use perjured testimony or false evidence);
DR 7-102(A)(5) (knowingly make a false statement of law or fact); and
DR 7-102(A)(6) (participate in the creation of evidence when he knows the evidence is false).
IV. Recommendation as to Disciplinary Measures to be Applied: I recommend that the respondent be suspended from the practice of law for a period of three (3) years retroactive to November 1, 1986, and thereafter until he shall prove his rehabilitation. In addition, I recommend that the respondent be required to take and pass the Ethics portion of The Florida Bar Exam prior to being reinstated. Further, I recommend that the respondent be required to pay all costs incurred in The Florida Bar proceedings.
V. Personal History and Past Disciplinary Record: After a finding of guilt and prior to recommending discipline, pursuant to Integration Rule 11.06(9)(a)(4), and Rule 3-7.5(k)(4), Rules of Discipline, I consider the following personal history and prior disciplinary record of the respondent to wit:
(1) Age: 39
(2) Date Admitted to Bar: 5/22/75

*62 (3) Prior Disciplinary Record: Respondent does not have a past disciplinary record.
(4) Mitigating Factors: At the time of the misconduct involved in this case, the respondent was suffering from an acute anxiety reaction stemming from severe domestic turmoil and was engaged in extensive psychotherapy. The respondent was taking a prescribed medication called Stelazine which is a strong tranquilizer used especially if there is an indication that a patient may be or may become psychotic. In addition, the respondent pled no contest to the criminal offense of grand theft and was placed on probation for a period of five (5) years with a condition of probation being that the respondent was to serve nine (9) months in the Pinellas County Jail. Further, the respondent waived probable cause and cooperated with The Florida Bar's disciplinary proceedings. He was remorseful for his misconduct, and made restitution through the Department of Revenue, State of Florida.
(5) Aggravating Factors: The respondent created a beneficiary to an estate and thereafter converted the assets of the estate to his own use. In addition, the respondent committed a fraud on the Court by submitting false affidavits and sworn statements.
The Florida Bar and the respondent accept the referee's findings, but challenge the recommended discipline. Roman concedes that his misconduct warrants suspension, but argues that the recommended three year period is excessive, relying on The Florida Bar v. Tunsil, 503 So.2d 1230 (Fla. 1986); The Florida Bar v. Dietrich, 469 So.2d 1377 (Fla. 1985); and The Florida Bar v. Anderson, 395 So.2d 551 (Fla. 1981). Each of these cases involved an attorney's misappropriation of funds and suspension for a period of less than three years based on the particular circumstances of each case. Roman's misconduct, however, is especially egregious in that he deceitfully used the court to effectuate the theft. He filed false statements containing the forged signature of a fictitious beneficiary. He furthered the fraud by deceiving the court into believing that estate assets were distributed to the fictitious beneficiary, when in fact Roman had converted them to his own use.
The Bar argues that this conduct warrants disbarment regardless of the mitigating factors found by the referee. We agree. We recognized in The Florida Bar v. Breed, 378 So.2d 783 (Fla. 1979), that theft of client funds is one of the most serious offenses an attorney can commit. We warned the legal profession that henceforth we would not be reluctant to disbar an attorney for such misconduct. This case involves not only theft, but fraud on the court which strikes at the very heart of a lawyer's ethical responsibility. Either offense is sufficiently grave to justify disbarment. The mitigating factors in this case are insufficient to lessen the enormity of Roman's misconduct.
Accordingly, we adopt the referee's findings and recommendations of guilt, but reject the recommended three-year suspension. Roman voluntarily withdrew from practice November 1, 1986, and was suspended from the practice of law on June 19, 1987, in connection with a determination of guilt as to the grand theft charge. Peter T. Roman is hereby disbarred from the practice of law in the State of Florida, retroactive to November 1, 1986. Costs in the amount of $1,083.56 are hereby taxed against the respondent for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.