632 So.2d 1101 (1994)
STATE of Florida, Appellant,
v.
Neil J. LAHURD, Appellee.
No. 92-3628.
District Court of Appeal of Florida, Fourth District.
March 2, 1994.
*1102 Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellant.
J. David Bogenschutz of Bogenschutz & Dutko, P.A., Fort Lauderdale, for appellee.
PARIENTE, Judge.
The state appeals an order dismissing an information charging the defendant with three counts of grand theft. The narrow issue on appeal is whether a personal representative can commit grand theft when he converts estate assets to his own use. The trial court determined that the personal representative cannot be charged with taking "the property of another" within the meaning of section 812.014, Florida Statutes (1991), because the personal representative holds title to the estate assets. We disagree with such a narrow interpretation of the grand theft statute and accordingly reverse the order of the trial court.
Defendant is a practicing attorney and was appointed Personal Representative of the Estate of Andrew Roth (decedent) pursuant to a will. While serving as personal representative, defendant transferred in excess of $100,000 from the estate account into his own personal/law firm account, which he then used to invest in real property. The real property was purchased in defendant's name alone, and not in his capacity as personal representative or in the name of the estate. During the same time period, defendant made two other transfers from the estate account to his personal/law firm account for the purpose of purchasing real estate in his name. All of the properties purchased were lost through foreclosures, and consequently the estate monies utilized for the purchase were lost by the defendant. Defendant converted the monies without the knowledge or approval of the estate beneficiaries. The defendant stipulated to these facts for the purpose of the motion to dismiss, but contended that a personal representative is immune from criminal charges for theft of estate property and is only liable to the heirs in a civil action.[1]
The defendant was charged by information with knowingly obtaining property from the estate with the intent to permanently or temporarily deprive the estate and/or its heirs of the property or to appropriate the property to his own use. We find several reasons to support a holding that a personal representative can be legally charged with grand theft. First, we turn to the actual language of the grand theft statute which provides in part:
(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
§ 812.014(1)(a), 1(b), Fla. Stat. (1991). In dismissing the information, the trial court concluded that a personal representative does not take "the property of another" when he or she converts estate monies to his or her own use because a personal representative holds legal title to the estate assets. Section 812.012(4), Florida Statutes (1991), defines "property of another" as "property in which a person has an interest upon which another person is not privileged to infringe without consent, whether or not the other person also has an interest in the property."
*1103 A personal representative's possession of estate assets derives from his appointment as personal representative and is not an individual right of possession. The defendant, as personal representative, possesses estate assets only in his official capacity and acquires an interest solely as a fiduciary. The personal representative may hold legal title, but does not hold beneficial title to the assets and has no right to dispose of estate assets for his own use. The estate assets are not the personal representative's property, but are held by the personal representative for the benefit of the estate and ultimately for distribution to the beneficiaries. Thus, applying the definition in section 812.012(4), it is the estate and the beneficiaries who have an interest in the assets. This interest cannot be infringed upon by an individual holding the position of personal representative, even though the personal representative also has an interest in the assets as a fiduciary for the estate. We find that a personal representative does take the "property of another" when he or she converts estate assets to his or her own use.
The foregoing conclusion is supported by the history of the grand theft statute. The current statute, section 812.014, enacted in 1977 and entitled Florida's Anti-Fencing Act, is patterned after the Model Theft and Anti-Fencing Act. The statute repealed the specific common law crimes of larceny, embezzlement and obtaining money under false pretenses and substituted an expanded and simplified crime of theft graded by degree according to the amount involved. Everyday language is substituted for "old common law language to define the offense" according to the legislative history. Staff of Fla. Senate Comm. on Judiciary-Criminal, SB 1431, Staff Analysis (rev. May 17, 1977). Neither the statutory language nor the legislative history, however, evidence an intent to narrow the type of conduct criminalized by the statute.
The predecessor to the grand theft statute was former section 812.021, Florida Statutes (1975), which included a laundry list of conduct defined as larceny. Former subsection 812.021(1)(c) expressly provided that executors of estates were guilty of larceny for secreting, withholding or otherwise appropriating to their own use any property in their possession by virtue of their appointment.
Indeed, section 812.012(2)(d)(1), Florida Statutes (1991), specifically incorporates conduct previously known as larceny into the current statute. Section 812.012(2)(d)(1) defines "obtains or uses" as "conduct previously known as stealing, larceny, purloining, abstracting, embezzlement." Therefore, the clear intent of the statute is to broaden, not restrict the types of conduct considered as theft and to include all conduct previously defined as larceny. Because executors of estates who appropriated property in their possession by virtue of their appointment were guilty of larceny under the repealed statute, such conduct is specifically criminalized by incorporation through section 812.012(2)(d)(1).
Our conclusion that the estate assets are not the property of the individual who serves as the personal representative is further supported by Chapter 733 of the probate code, which outlines the duties and powers of a personal representative. Nowhere in Chapter 733 is there an indication that a personal representative has an unrestricted right to use estate assets as his own.[2] According to the chapter, the personal representative "shall take all steps reasonably necessary for the management, protection, and preservation of the estate until distribution." § 733.607, Fla. Stat. (1991). Section 733.608, *1104 Florida Statutes (1991), further provides that all real and personal property of the decedent, together with the rents, income, issues and profits derived from the property, shall be assets in the hands of the personal representative for specific purposes only: (1) the payment of devises, debts, family allowances, taxes and similar charges; (2) to enforce contribution and equalize advancements; and (3) for distribution to the beneficiaries. No other purposes are specified. Although section 733.612, Florida Statutes (1991) permits the personal representative to exercise certain powers without requiring an order from the probate court, this section also imposes the significant restriction that he or she act "reasonably for the benefit of the interested persons" who are the beneficiaries of the estate property.
The personal representative, like a trustee, is a fiduciary in handling the estate for the beneficiaries. As such, he or she is to observe the standard of care in dealing with the estate as a prudent trustee exercises in dealing with property of the trust. § 733.602(1), Fla. Stat. (1991). See also Wohl v. Lewy, 505 So.2d 525 (Fla. 3d DCA 1987). As any fiduciary charged with the handling of funds in a trust capacity, the personal representative must keep estate funds separate from his or her other funds, whether business or otherwise. Restatement (Second) of Trusts § 179 (1959); R. Regulating Fla.Bar 4-1.15. The right of possession and the ability to control the property is thus strictly limited by law, ethics and the probate code.
The personal representative may be liable to interested persons for damage or loss resulting from a breach of his fiduciary duty when the personal representative exercises his power improperly or in bad faith. § 733.609, Fla. Stat. (1993).[3] The fact that a personal representative may be liable civilly does not lead to a conclusion that there was an intent to exonerate the personal representative from the reach of the criminal law.
The language and history of the grand theft statute, the language of the probate code, and common sense support our conclusion that a personal representative may legally be charged with grand theft, under section 812.014(1)(a) or (1)(b), for converting estate assets to his or her own use. We reverse the order dismissing the information and remand with directions to reinstate the information.
REVERSED AND REMANDED.
WARNER and KLEIN, JJ., concur.
NOTES
[1] Defendant also argues in his appeal that the offense of theft could not have occurred until the personal representative fails to account for and deliver the property in his possession pursuant to order of the court. However, the motion to dismiss before us does not include that argument and the record before us does not indicate when or if a final accounting was done.
[2] The defendant also alleged in his motion to dismiss that the estate property "becomes the Personal Representative's to possess and deal with as he deems appropriate with paramount title over all the world, save and except that a court order be entered demanding distribution." The defendant relies on Carter v. Gilbert, 99 Fla. 1056, 128 So. 250 (1930) for the proposition that the personal representative holds legal title to the estate property and therefore defendant argues he cannot steal from himself. Carter predates the current version of the probate code which was substantially rewritten in 1975. Carter additionally clarifies that legal title is not absolute by stating that although the executor becomes the legal title holder for "most purposes," he "cannot bequeath them, [estate assets] nor can they be taken on execution for his debt." Id. 128 So. at 251.
[3] The Florida Supreme Court has suspended lawyers, acting as personal representatives, from the practice of law for transferring property of the estate to their own use without the court's or beneficiaries' permission. See e.g. The Florida Bar v. Irving M. Felder, 425 So.2d 528 (Fla. 1982); The Florida Bar v. Robert J. Pincket, 398 So.2d 802 (Fla. 1981).