WELLS, Justice,
dissenting.
I dissent because, as in Florida Board of Bar Examiners re J.A.S., 658 So.2d 515 (Fla.1995), the majority erroneously substitutes its judgment for that of the Board. I do not find in P.T.R.’s brief or in the majority’s opinion a sound basis for doing this.
I am also impressed by and agree with what this Court said at the time P.T.R. was disbarred:
The Bar argues that this conduct warrants disbarment regardless of the mitigating factors found by the referee. We agree. We recognized in The Florida Bar v. Breed, 378 So.2d 783 (Fla.1979), that theft of client funds is one of the most serious offenses an attorney can commit. We warned the legal profession that henceforth we would not be reluctant to disbar an attorney for such misconduct. This case involves not only theft, but fraud on the court which strikes at the very heart of a lawyer’s ethical responsibility. Either offense is sufficiently grave to justify disbarment. The mitigating factors in this case are insufficient to lessen the enormity of Roman’s misconduct.
Florida Bar v. Roman, 526 So.2d 60, 62 (Fla.1988).
To overcome what this Court expressly stated were the reasons for his disbarment, it is my judgment that P.T.R. should have to demonstrate substantial, in-depth community service. I cannot disagree with the Board that P.T.R. has failed in his activities to make such a demonstration.
GRIMES, C.J., concurs.