471 So.2d 29 (1985)
THE FLORIDA BAR, Complainant,
v.
Burnett ROTH, Respondent.
No. 61410.
Supreme Court of Florida.
June 6, 1985.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Robert D. Rosenbloom, Bar Counsel, Miami, for complainant.
Harvie S. DuVal of Greenfield & DuVal, North Miami, for respondent.
PER CURIAM.
This attorney-discipline proceeding is before us on the complaint of The Florida Bar and the report of the referee. We have jurisdiction. Art. V, § 15, Fla. Const.
The respondent in this proceeding was a long-time attorney and confidant of the Einbinder family. Mrs. Einbinder died intestate in 1973, leaving three daughters, all of whom had attained majority, as her sole heirs at law. Respondent served as both attorney for and administrator of the estate. A complaint from the heirs concerning respondent's handling of the Einbinder estate funds resulted in a disciplinary hearing before a referee. The referee found respondent guilty of violating article XI, Rule 11.02(4) and (4)(b) of the Integration Rule of The Florida Bar, and the following Disciplinary Rules of The Florida Bar Code of Professional Responsibility: 1-102(A)(3), 1-102(A)(4), 1-102(A)(5), 1-102(A)(6), 6-101(A)(3), 7-101(A)(1), 7-101(A)(2), 7-101(A)(3), 7-102(A)(8), 9-102(A), 9-102(B)(1), and 9-102(B)(3). The referee's findings reflect that between November 5, 1973, and April 8, 1974, respondent commingled, misappropriated, and converted to his own personal use estate *30 funds and insurance proceeds totalling $80,874.15. The referee also found that respondent wrongfully required the beneficiaries to deposit insurance proceeds into the estate account. The referee further found that respondent breached his fiduciary duty to the heirs and engaged in deceitful conduct calculated to maintain the heirs' trust in him, including manipulating bank accounts to inflate the estate account balance prior to being deposed pursuant to a 1977 accounting.
Respondent admitted commingling the funds and proceeds, but asserted that, because of his longstanding relationship with the heirs' parents, he considered himself justified in handling the money in any manner he deemed appropriate. Respondent denied misappropriating or converting the funds and proceeds, claiming that he received implicit permission to personally use the funds and that he distributed funds to the heirs upon request. Respondent admitted that he used $16,000 to satisfy a personal debt to the Internal Revenue Service, but was unable to specifically account for his use of the remaining funds. The record indicates that respondent made restitution in September, 1977, after the heirs retained counsel, but prior to the commencement of this disciplinary action. Respondent also admits to violating article XI, Rule 11.02(4)(b) of the Integration Rule and the bylaws thereto by failing to maintain records of all bank accounts or other records pertaining to the funds and property of a client.
In determining the appropriate discipline, the referee noted that respondent has been a member of the Bar since 1934, has performed significant pro bono work, has volunteered his services to many charitable causes, has never previously been the subject of a disciplinary proceeding, and made restitution after the heirs retained new counsel. The referee determined that these mitigating circumstances did not offset respondent's misappropriation of funds and deceptive conduct, and recommended disbarment.
We approve the referee's findings, but, in consideration of the respondent's prior contributions to the profession, his age, and his restitution of the loss experienced by his clients, we find a three-year suspension with proof of rehabilitation to be the appropriate discipline. Accordingly, respondent is hereby suspended from the practice of law in this state for a period of three years, effective immediately, and shall be required to furnish proof of rehabilitation before he may apply for readmission. Costs in the amount of $12,465.47 are hereby taxed against respondent, for which sum let execution issue.
It is so ordered.
BOYD, C.J., and ADKINS, McDONALD and SHAW, JJ., concur.
OVERTON, J., concurs in part and dissents in part with an opinion, in which ALDERMAN and EHRLICH, JJ., concur.
OVERTON, Justice, concurring in part and dissenting in part.
I concur in the approval of the findings of the referee, but dissent from the reduction of the discipline. I would approve the recommendation of the referee and disbar the respondent. The record reflects that the respondent intentionally deceived his clients and converted their funds to his personal use. I find the mitigating circumstances are insufficient to justify a reduction of the discipline from disbarment.
ALDERMAN and EHRLICH, JJ., concur.