ON REHEARING GRANTED
MeDONALD, Chief Justice.
This Court suspended Roth from the practice of law on June 6, 1985 for a period of three years. The Florida Bar v. Roth, 471 So.2d 29 (Fla.1985). Roth then filed an application for reinstatement on June 6, 1986, two years prior to the expiration of his suspension order. The Florida Bar filed a motion to dismiss, however, which we granted. On rehearing we clarify the order of dismissal.
Article XI, rule 11.10(4) of the Integration Rule clearly contemplates and mandates that a suspended lawyer lose his privilege of practicing law during the designated period of suspension. There is no provision, and there should be none, for a suspended lawyer to be granted the privilege of practicing law earlier than the time set forth in the original suspension. There is no such thing as gain time or clemency from a suspension order.
When a suspension order exceeds ninety-one days a lawyer must petition for reinstatement and show proof of rehabilitation. Rule 11.11 prescribes the procedure for reinstatement. It is silent, however, on when a petition may be filed. Unless the suspension order provides otherwise, it would appear equitable and reasonable to afford a suspended lawyer the right to institute reinstatement proceedings prior to the actual completion of the period of suspension so that the lawyer will not be punished additionally by the time it takes to complete reinstatement procedures. The rule, however, does not address the propriety of filing a petition for reinstatement prior to the running of the suspension period. Thus, it would appear that this is *118 something the Court should address m an original suspension order. In the absence of a prohibition against doing so in the suspension order a suspended attorney should be able to file a petition for reinstatement at a reasonable time prior to the expiration of a suspension order. Experience has taught us that the average time for a final determination on such a petition is from six to nine months.
The order of suspension in this case was silent on when an application for readmission could be filed. We adhere to our ruling that Roth’s petition in this case should be dismissed because an application two years prior to the running of the suspension is clearly premature. The order of dismissal is without prejudice to the filing of such a petition after September 5, 1987, which time is nine months prior to the expiration of Roth’s suspension. Even if rehabilitation is shown, Roth may not be granted the privilege of again practicing law prior to June 5, 1988.
It is so ordered.
ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.