517 So.2d 16 (1987)
THE FLORIDA BAR, Complainant,
v.
Albert D. GREENFIELD, Respondent.
No. 68857.
Supreme Court of Florida.
December 17, 1987.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Paul A. Gross, Bar Counsel and Randi Klayman Lazarus, Asst. Staff Counsel, Miami, for complainant.
S. Melvin Apotheker and Richard Philips of S. Melvin Apotheker, P.A., Miami, for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court for review of the report of the referee. The referee found that the respondent attorney, Albert D. Greenfield, engaged in professional misconduct. The referee recommends as discipline that respondent be suspended from the practice of law for one year. The respondent seeks review of the referee's report.
The referee found the facts to be as follows. Respondent acted as personal representative and legal counsel for an estate. While the administration of the estate was pending, respondent withdrew, in several installments, a total of about $28,000 from the estate's assets. Portions of the amount withdrawn were claimed as attorney's and personal representative's fees. The Florida Bar charged that the fees were not claimed pursuant to a proper agreement or court approval, but the referee's finding of misconduct is apparently based primarily on the funds that were not part of any claim for fees, totalling approximately $20,000. This amount was characterized as a loan from the estate to the *17 respondent. However, there was no promissory note executed to document the indebtedness, nor was there consent given by the beneficiaries of the estate, nor was there approval by the court. There was a notation in the records of the estate checking account indicating the existence of the loan. The referee found that at all times respondent intended to repay the money to the estate, that he had repaid a substantial portion of it before The Florida Bar began its investigation, and that ultimately the money was completely repaid. Because litigation on a will contest deferred the administration of the estate, respondent's action did not delay the distribution of the estate's assets.
The referee stated that respondent's action was "misappropriation of client's funds" regardless of the existence of intent to repay. The referee found that respondent had violated the formerly applicable Florida Bar Integration Rule, article XI, rule 11.02(3), which requires attorneys to conform to standards of professional conduct and to refrain from conduct contrary to honesty, justice, or good morals, and rule 11.02(4) which requires that money held in trust for a specific purpose be used only for that purpose. The referee also found that respondent had violated the former Code of Professional Responsibility, Disciplinary Rule 9-102(B),[*] by reason of his misuse of the funds of the estate. The referee found the respondent not guilty of the other charged violations: D.R. 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); D.R. 1-102(A)(5) (conduct prejudicial to the administration of justice); D.R. 1-102(A)(6) (conduct adversely reflecting upon fitness to practice law); and D.R. 9-102(A) (client funds and funds in dispute must be held in trust).
The referee made note of the following factors in mitigation of the gravity of respondent's misconduct. Upon inquiry by The Florida Bar, respondent was cooperative and did not attempt to conceal any facts. Respondent had been a personal friend of the deceased. At the time of his use of the estate funds, respondent was in danger of losing his home through an Internal Revenue Service lien foreclosure. Respondent had to pay $130,000, but later received a refund of $90,000. Respondent suffered from a serious illness at the time of the I.R.S. dispute. Respondent had a long record of community involvement and service as well as a long record of legal practice without serious disciplinary incident.
The referee recommended that respondent be suspended for one year. Respondent contests the referee's recommendation.
Respondent questions the characterization of his conduct as misappropriation of estate funds. We find this argument to be without merit. Personal use of funds entrusted to an attorney, the beneficial ownership of which lies with another, is misappropriation even when committed with intent to repay.
Respondent argues that as personal representative he had authority to use the estate's funds as he saw fit within the restrictions provided by the probate statutes and that no statute prohibited him from making a loan to himself. Regardless of whether respondent's action was consistent with the probate regulations, a question into which we do not inquire, we find that as an attorney respondent was charged with the same ethical duties in dealing with the estate funds as is a lawyer who receives funds in trust for a specific purpose.
*18 Respondent argues that the referee accorded too little weight to the mitigating circumstances shown by the evidence. He states that the tactics used against him by the I.R.S. were so extreme as to amount to duress and that he was forced to use the funds of the estate. We do not find that respondent's income tax problems excuse his conduct. The referee did consider the matter in arriving at the disciplinary recommendation.
Although respondent did not plan to convert estate funds permanently to his own benefit, he did improperly misappropriate estate funds. We therefore find that a suspension is appropriate. Accordingly, we approve the referee's recommendation of a one-year suspension.
Attorney Albert D. Greenfield shall be suspended from the practice of law for one year, commencing thirty days from the date of this judgment. Proof of rehabilitation shall be required for reinstatement. The thirty-day period is provided to allow respondent to close out his practice in an orderly fashion, but he shall accept no new clients and undertake no new legal business after receiving notice of this decision. He must provide notice of this suspension to his clients as required by rule 3-5.1(h) of the Rules Regulating The Florida Bar.
The costs of this proceeding are taxed against the respondent. Judgment for costs is entered against Albert D. Greenfield in the amount of $1,470.77, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, J., dissents with an opinion.
EHRLICH, Justice, dissenting.
Respondent was representing an estate. He had a personal problem and needed money on a temporary basis. So he helped himself to a portion of the money in the estate without permission of anyone. This is wrong and all members of the bar should know this. He has repaid the funds to the estate and did cooperate with the bar. Nonetheless, he misappropriated monies that belonged to another.
In The Florida Bar v. Roth, 471 So.2d 29 (Fla. 1985), Roth made personal use of estate funds but made restitution. Mr. Roth's misconduct was somewhat more egregious than Mr. Greenfield's and he had much more in the way of mitigating circumstances. This Court, despite a referee's recommendation of disbarment, suspended him for three years.
An offense as serious as this merits a suspension of at least two years, in my opinion.
NOTES
[*] D.R. 9-102(B) provided as follows:

(B) A lawyer shall:
(1) Promptly notify a client of the receipt of his funds, securities, or other properties.
(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.
(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.
(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.