697 So.2d 1208 (1997)
THE FLORIDA BAR, Complainant,
v.
Keith Martin KRASNOVE, Respondent.
No. 86666.
Supreme Court of Florida.
July 17, 1997.
*1209 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee; and Lorraine C. Hoffman, Bar Counsel, Fort Lauderdale, for Complainant.
Richard A. Greenberg, Tallahassee, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding Keith Martin Krasnove's alleged ethical misconduct in the distribution of settlement proceeds. We have jurisdiction. Art. V, § 15, Fla. Const. We suspend Krasnove from the practice of law for a period of one year.
The facts of this case are as follows. Krasnove represented Candace Holiday in a products liability claim. In November 1993, Krasnove effected a settlement of the claim on behalf of Holiday. Krasnove thereafter received a check for $13,460 payable to himself and Holiday. Krasnove and Holiday subsequently agreed that each of them would receive 33% ($4,441.80) of the gross settlement proceeds with the remaining 34% ($4,576.40) to be distributed to Holiday's health care providers.
On November 24, 1993, Krasnove deposited the check into his personal account at Citibank. In disbursing the settlement proceeds, he failed to draft a closing statement reflecting the itemization of the costs or expenses associated with the settlement. He simply issued a check for Holiday's amount post-dated November 26, 1993, and retained the $4,576.40 entrusted to him for the purpose of paying Holiday's health care providers. Thereafter, he applied the $4,576.40 for his own personal uses rather than paying that money to Holiday's health care providers.
Between November 24, 1993, and August 1994, Krasnove initiated no communications with Holiday regarding the payment of the medical costs. Krasnove testified that he ordered his staff to negotiate settlements with the health care providers and that his staff was negligent in not pursuing the negotiations. During that time, the health care providers contacted Holiday, who had no health insurance, and she in turn filed a complaint with The Florida Bar.
After Holiday's complaint was filed, Krasnove made payments to Holiday's health care providers. The Florida Bar audited Krasnove and found that: (1) Krasnove failed to properly maintain bank deposit slips by omitting the date, source and client matter, failed to keep a cash receipts and disbursements journal, and failed to do monthly and annual reconciliations; and (2) Krasnove failed to keep complete records of Holiday's settlement funds.
On these facts, the referee recommended that Krasnove be found guilty of violating the following Rules Regulating the Florida Bar:
1) 4-1.2(a) (Scope of Representation: Lawyer to Abide By Client's Decisions);
2) 4-1.4(a) (Communication: Informing Client of Status of Representation);
3) 4-1.5(f)(1), 4-1.5(f)(5) (Fees For Legal Services: Contingent Fees);
4) 4-1.15(a) (Safekeeping Property: Clients' and Third Party Funds to Be Held in Trust);
5) 4-1.15(d)(Safekeeping Property: Compliance With Trust Accounting Rules);
*1210 6) 4-8.4(c) (Misconduct: Engage in Conduct Involving Dishonesty, Fraud, Deceit or Misrepresentation);
7) 5-1.1(a) (Trust Accounts: Nature of Money or Property Entrusted to Attorney);
8) 5-1.2(b)(2), 5-1.2(b)(5) (Trust Accounting Records and Procedures: Minimum Trust Accounting Records);
9) 5-1.2(c)(1)(B), 5-1.2(c)(2) (Trust Accounting Records and Procedures: Minimum Trust Accounting Procedures).
Based on these rule violations, the referee recommended that Krasnove be suspended from the practice of law for three years and thereafter until he proves rehabilitation, that he pay the costs of the proceeding, and that he pass the ethics portion of the Florida Bar examination. In making this recommendation, the referee noted three aggravating factors: (1) prior disciplinary offense[1]; (2) multiple offenses; and (3) substantial experience in the practice of law. The referee then considered the following mitigating factors: (1) restitution made in full; (2) disclosure to the disciplinary board; (3) character or reputation; and (4) remorse.
Krasnove contests the referee's recommended discipline, asserting that a ninety-day suspension rather than a three-year suspension should be imposed. He bases this assertion on the following: 1) the recommended discipline does not serve the purpose of discipline set forth by this Court[2]; 2) this is a case of failure to supervise a staff properly and not intentional misconduct; 3) there was no opportunity to tender a consent judgment because The Florida Bar was consistently seeking disbarment; 4) the recommended discipline is excessive; 5) this Court should closely consider the testimony of the many character witnesses who testified at the final hearing; and 6) this case falls more appropriately into the category of cases in which a ninety-day suspension has been imposed.
We have held that when a referee's findings are supported by competent, substantial evidence in the record, this Court will not reweigh the evidence and substitute its judgment for that of the referee. Florida Bar v. MacMillan, 600 So.2d 457, 459 (Fla. 1992). In the instant case, there is competent, substantial evidence in the record to support the referee's findings of fact regarding guilt, and we accordingly approve those findings.
We find, however, that the recommended discipline exceeds the discipline we have imposed in cases involving similar misconduct. See, e.g., Florida Bar v. Greenfield, 517 So.2d 16 (Fla.1987); Florida Bar v. Tunsil, 503 So.2d 1230 (Fla.1986). In accordance with those cases, we find a one-year suspension to be the appropriate discipline.
Accordingly, Keith Martin Krasnove is hereby suspended from the practice of law in Florida for a period of one year. The suspension will be effective thirty days from the filing of this opinion so that Krasnove can close out his practice and protect the interests of existing clients. If Krasnove notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Krasnove shall accept no new business from the date this opinion is filed until the suspension is completed. Prior to reinstatement, Krasnove must prove rehabilitation and must retake and pass the ethics portion of the Florida Bar exam. Judgment is hereby entered against Krasnove in the amount of $7,180.52, in favor of The Florida Bar, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] In 1986, Krasnove was publicly reprimanded for threatening to present criminal charges for the sole purpose of gaining an advantage in a civil suit. Florida Bar v. Krasnove, 487 So.2d 1072 (Fla.1986).
[2] The purpose of attorney discipline is that it protect the public from unethical conduct and have a deterrent effect while still being fair to the attorney. Florida Bar v. Neu, 597 So.2d 266, 269 (Fla.1992).