PER CURIAM.
J.A.S. asks this Court to review the recommendation of the Florida Board of Bar Examiners that he not be admitted to The Florida Bar. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
Following a formal hearing, the Board found the following specifications to be proven: [1] 1) J.A.S. “engaged in a continuing pattern of criminal, illegal or improper conduct,” as evidenced by a conviction for disorderly conduct in 1976, an arrest for simple assault in 1980 that was subsequently dismissed, a conviction for resisting arrest in 1983, and a conviction for loitering with the intent to use a controlled substance (heroin); 2) J.A.S. was dismissed from the police force based upon the heroin conviction; 3) In response to the Board’s request for information, J.A.S. falsely stated that he did not have an alcohol problem; 4) J.A.S. gave responses that were *516 false, misleading, or lacking in candor on several documents and applications, including his job application with the police department, his New Jersey driver’s license application, an application to purchase a handgun, and his application for admission to law school; and 5) J.A.S. exhibited financial irresponsibility by defaulting on a student loan, which he subsequently repaid.
The Board found the following evidence of J.A.S.’s rehabilitation from his prior misconduct: he is active in Narcotics Anonymous and serves as a help line volunteer; he is a volunteer member of the guardian ad litem program; he volunteered his services as a carpenter after Hurricane Andrew struck Miami and also volunteered with the Dade County Bar Association; and he has “replaced his former anger with acceptance and now tries do things for others.” Despite this evidence, the Board found that J.A.S. did not prove that “he has rehabilitated himself from his inability to tell the truth,” as evidenced by inconsistencies in his testimony at the investigative and formal hearings.
The Board determined that the specification regarding financial irresponsibility, while proven, was not disqualifying. However, the Board found the other proven specifications to be individually and collectively disqualifying because they demonstrated J.A.S.’s lack of honesty, truthfulness, and candor.
J.A.S. asks this Court to reject the Board’s recommendation. He argues that the record fails to establish recent, material conduct that impugns his moral character and fitness for admission. J.A.S. argues that, to the contrary, the record contains overwhelming evidence of his current good moral character.
While the proven specifications do reveal a pattern of misconduct by J.A.S., we note that none of the incidents are recent. We also find that the misconduct at issue stemmed from J.A.S.’s addiction problem, and that all of the incidents preceded the date when J.A.S. sought professional help three and a half years ago. The record reveals that J.A.S. has attended approximately eighty weekly meetings of Caduceus, a professional peer support group, since the summer of 1992. He signed a contract with Florida Lawyers Assistance, Inc. (FLA) on August 6, 1992, that required him to attend Alcoholics Anonymous/Narcotics Anonymous meetings, to seek outside psychological help, and to submit to monthly random drug tests. According to his FLA monitor, J.A.S. has exceeded the bare requirements of his contract and has also volunteered his services to Narcotics Anonymous. The results of the random drug tests, beginning in September 1992, have all been negative. J.A.S. was discharged successfully after five months of individual psychotherapy. He has abstained from drug use since January 1988 and from alcohol since January 1,1992. The directors of FLA and Caduceus both testified that J.A.S. has a solid recovery program. J.A.S.’s admission to the Bar was endorsed by both of these witnesses, as well as his FLA monitor and private therapist. This record, as well as J.A.S.’s volunteer service to the community, adequately evidences his rehabilitation.
However, the Board states that J.A.S. “has not proven that he has rehabilitated himself from his inability to tell the truth,” based upon inconsistencies in his testimony at the investigative and formal hearings. The Board points to only one discrepancy, and our review of the record does not reveal any others. This discrepancy is not significant and does not support the Board’s conclusion that J.A.S. should not be admitted to the Bar. Thus, we approve J.A.S.’s petition for admission to the Bar based upon the rehabilitation he has demonstrated.
However, based upon the recommendations of the witnesses who testified before the Board and the nature of J.A.S.’s problems, we find that J.A.S. should be conditionally admitted to the Bar. See Fla.Bar Ad-miss.R., art. Ill, § 3(c), (f)(3). Accordingly, we admit J.A.S. to the Bar conditioned upon his continued participation in the FLA program during the next three years.
It is so ordered.
OVERTON, SHAW, KOGAN and ANSTEAD, JJ., concur.
*517 HARDING, J., concurs with an opinion, in which OVERTON, KOGAN and ANSTEAD, JJ., concur.
GRIMES, C.J., dissents with an opinion, in which WELLS, J., concurs.
WELLS, J., dissents with an opinion, in which GRIMES, C.J., concurs.

. The Board originally prepared seven specifications, including several with numerous subparts. After the formal hearing, the Board determined that two specifications and five subparts of the specifications were not proven.