LEWIS, C.J.,
dissenting.
Because I do not believe that Barnett’s rehabilitation evidence sufficiently outweighs his past misconduct to support his unconditional admission and because I believe the conditional admission process should be reserved for first-time applicants, I must, respectfully, dissent.
Former members of The Florida Bar or of the bars of other states who have been disbarred or who have resigned in lieu of disciplinary proceedings should not be viewed in the same light in the admissions process as first-time applicants. I am of the view that the availability of conditional admission should be restricted to the case in which a first-time applicant for admission to the Bar, who has suffered in the past from drug or alcohol addiction or a psychological problem, is now clean and sober or functioning normally with medication. Conditional admission under such circumstances allows the Bar to monitor the applicant’s compliance with the treatment regimen for swift action to be taken to revoke the license if a relapse occurs, yet still allow some youthful mistakes to be overcome. See Fla. Bd. of Bar Exam’rs re J.A.S., 658 So.2d 515, 516 (Fla.1995) (conditionally admitting applicant with former drug addiction).
The same policy considerations do not exist for applicants who have previously been members of the Bar, but who have resigned or been disbarred because of serious misconduct as an attorney. These applicants have already been given a chance and have failed to honor and satisfy their obligations. Barnett falls into this category. He was previously admitted to The Florida Bar. While a practicing attorney he engaged in extensive unethical and *240 egregious conduct and resigned in lieu of disciplinary proceedings. He should be required to prove his rehabilitation such that the recommendation for admission is unconditional. The conduct preceding the resignation was moving rapidly to disbarment.
As noted by the majority, the nature and seriousness of the offense must be weighed against the evidence of rehabilitation in determining whether the petitioner has shown sufficient rehabilitation, Fla. Bd. of Bar Exam’rs re M.L.B., 766 So.2d 994, 996 (Fla.2000). Also, the “more serious the misconduct, the greater the showing of rehabilitation that will be required.” Fla. Bd. of Bar Exam’rs re J.J.T., 761 So.2d 1094, 1096 (Fla.2000).
Barnett’s rehabilitation evidence included evidence that he has been clean and sober since December 20, 1997, a little over nine years. He has been working as a paralegal for various attorneys since January 1998 and is involved in AA and Gateway, attending several meetings every week as part of his own recovery efforts and to assist others in their recovery efforts. While commendable, these activities seem to be a “showing that an individual is now living as and doing those things he or she should have done throughout life” to keep himself clean and sober and “does not prove that the individual has undertaken a useful and constructive place in society” sufficient to outweigh his past misconduct. See Fla. Bar Admiss. R. 3-13(g). Although this rehabilitation evidence might be sufficient to convince the Board and the Court that someone who had a drug addiction problem in the past as a sole disquali-fier should be given a chance to prove himself worthy of Bar membership, it is not enough to atone for Barnett’s other, extremely serious and egregious misconduct. Even if conditional admission were available for those in the position of Barnett, he has not satisfied the requirements for that method of admission.
In making the determination whether the rehabilitation evidence is sufficient to outweigh the misconduct, the Court may review the factual underpinnings of the Board’s recommendation by conducting an independent review of the record. M.L.B., 766 So.2d at 996; J.J.T., 761 So.2d at 1096; Fla. Bd. of Bar Exam’rs re R.D.I., 581 So.2d 27, 29 (Fla.1991). A review of the transcript of the formal hearing in this case reveals several very troubling items of information not reflected in the Board’s findings. In 2004, Barnett informed the Board that he would not pay Itzhaki the money he still owes because Itzhaki still owes him money. Then, only two weeks prior to the formal hearing, Barnett called Itzhaki’s attorney to find Itzhaki so that he could pay the debt. This turnaround suggests Barnett’s restitution efforts are motivated by his desire to gain readmission and not a true desire to make whole those he has injured.
There is also the manner in which Barnett addressed his failure to timely file his federal income tax returns. Barnett testified that he did not timely file his income tax returns after he became sober because of fear and because the obligation was so overwhelming. He knew he could not pay the taxes, interest, and penalties he owed for the early years, so he did not even file the returns. Even after he entered recovery and was working again, he did not file a return because of a stated fear that filing a return would cause the IRS to realize that he had not filed returns for several earlier years. Rather, he reasoned to wait until he had saved enough money to pay the taxes before he contacted the IRS.
Barnett’s conscious decision to continue in violation of the law after he was in recovery to forestall the IRS’s discovery of his earlier transgressions demonstrates *241 that his addiction was not the cause of all of this illegal conduct. It also demonstrates that he is one who is willing to violate the law when it is in his interest to do so. This has occurred as recently as 2003. This, in my view, negates Barnett’s ability to show that his character is above reproach, a requirement for readmission.
Barnett ultimately contacted the IRS in 2003 or 2004. At that time, he had saved approximately half of the money he needed.- His mother was forced to refinance her home to loan him the money to pay his obligations. This occurred in December 2004. There is no evidence concerning whether Barnett is repaying his mother, how much, or when. That Barnett forced his mother to mortgage and encumber her home to satisfy his debts to the IRS demonstrates, in my view, that he has failed to accept full responsibility for his past misconduct. The rescuing of a child by a parent may be laudable for his mother, but it does not speak highly of Barnett.
In addition, his other evidence of rehabilitation falls flat. Although I recognize and appreciate that much of Barnett’s conduct may have been prompted or exacerbated by his substance abuse and the battle he has had with his addiction, I nevertheless believe that he engaged in illegal conduct (the use of controlled substances) when he was first admitted to the Bar, engaged in and continued to engage in illegal drug use while he represented the people of Florida with the Attorney General’s Office, and he continued his illegal drug use until he was caught. He did not seek treatment or help with his addiction until after he was caught and resigned in lieu of disciplinary proceedings. Into and including 2003 he continued to violate the law unconnected with substance abuse for his own advantage. Thereafter, he imposed on his mother to rescue him from his disregard of the law. This demonstrates to me the absence of that strength of character needed by a member of the Bar and necessary for admission.
Because, in my estimation, the rehabilitation evidence is insufficient to outweigh Barnett’s past egregious misconduct or to justify unconditional admission and because I believe conditional admission should be available only to first-time applicants, I would disapprove the Board’s recommendation and deny admission to Barnett at this time. He violated the trust he was given as an officer of the Court and that is not the same condition as one having youthful transgressions but ready to begin an office of trust. Barnett was given the privilége but did not honor that responsibility. I conclude that conditional admission is not designed for this use and even if it were, Barnett has not sufficiently demonstrated that he should be 'admitted under this approach.
WELLS, J., concurs.
BELL, J.,
dissenting.
I agree with Chief Justice Lewis that the conditional admission process should be reserved for first-time applicants to the Bar. I also agree that Barnett does not qualify for unconditional admission.